IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| GYASI CLINE HEARD, | |
| Petitioner, | CIVIL ACTION NO.: 2:18-cv-73 |
| v. | |
| WARDEN D. EDGE, | |
| Respondent. | |

**ORDER AND MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Petitioner Gyasi Heard ("Heard"), who is currently incarcerated at the Federal Correctional Institution in Jesup, Georgia, filed a 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus. Doc. 1. Heard also filed a Supplement to his § 2241 Petition. Doc. 4. For the reasons which follow, I **RECOMMEND** the Court **DISMISS** Heard's § 2241 Petition, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Heard *in forma pauperis* status on appeal.[1]

---

[1] A "district court can only dismiss an action on its own motion as long as the procedure employed is fair. . . . To employ fair procedure, a district court must generally provide the plaintiff with notice of its intent to dismiss or an opportunity to respond." Tazoe v. Airbus S.A.S., 631 F.3d 1321, 1336 (11th Cir. 2011) (citations and internal quotation marks omitted). A magistrate judge's Report and Recommendation provides such notice and opportunity to respond. See Shivers v. Int'l Bhd. of Elec. Workers Local Union, 349, 262 F. App'x 121, 125, 127 (11th Cir. 2008) (indicating that a party has notice of a district court's intent to *sua sponte* grant summary judgment where a magistrate judge issues a report recommending the *sua sponte* granting of summary judgment); Anderson v. Dunbar Armored, Inc., 678 F. Supp. 2d 1280, 1296 (N.D. Ga. 2009) (noting that report and recommendation served as notice that claims would be *sua sponte* dismissed). This Report and Recommendation constitutes fair notice to Bennett that his suit is due to be dismissed. As indicated below, Heard will have the opportunity to present his objections to this finding, and the presiding district judge will review de novo properly submitted objections. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; see also Glover v. Williams, No. 1:12-CV-3562-TWT-JFK, 2012 WL 5930633, at *1 (N.D. Ga. Oct. 18, 2012) (explaining that magistrate judge's report and recommendation constituted adequate notice and petitioner's opportunity to file objections provided a reasonable opportunity to respond).

**BACKGROUND**

Heard was indicted in the Middle District of Florida on 13 drug-related counts. Indictment, United States v. Heard, 8:12-cr-00052 (M.D. Fla. Feb. 9, 2012), ECF No. 1.  That indictment was later superseded to add three more drug-related counts.  Superseding Indictment, United States v. Heard, 8:12-cr-00052 (M.D. Fla. Apr. 19, 2012), ECF No. 33.  Heard pleaded guilty to eight counts of the superseding indictment: conspiracy to possess with the intent to distribute and distribution of cocaine and cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(ii), and 846; possession with the intent to distribute and distribution of cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C); and possession with the intent to distribute and distribution of cocaine base and cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(iii), and (b)(1)(C).  J., United States v. Heard, 8:12-cr-00052 (M.D. Fla. Nov. 20, 2012), ECF No. 101.  The court sentenced Heard to 200 months' imprisonment on each count, to run concurrently.  Id.  Heard elected not to file a direct appeal.  Decl., United States v. Heard, 8:12-cr-00052 (M.D. Fla. Nov. 28, 2012), ECF No. 103.  After the filing of a motion, the Middle District of Florida court granted Heard's request for a sentence reduction and reduced Heard's sentence to 168 months' imprisonment as to three counts of the superseding indictment, to be served concurrently, based on an amendment to the Sentencing Guidelines.  Order, United States v. Heard, 8:12-cr-00052 (M.D. Fla. Jan. 24, 2017), ECF No. 177.

In the meantime, Heard filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence on March 10, 2014, and the District Court for the Middle District of Florida dismissed Heard's motion as being time-barred.  Mot. & Order, United States v. Heard, 8:12-cr-00052 (M.D. Fla. Mar. 10 & Sept. 18, 2014), ECF Nos, 123, 124.  That court also looked to the relative merits of Heard's contentions: that the sentencing court incorrectly applied two

enhancements under the Sentencing Guidelines and incorrectly found he did not qualify for 18 U.S.C. § 3553(f)'s safety valve and that his counsel rendered ineffective assistance. The Middle District of Florida court determined Heard's grounds were procedurally defaulted or without merit. Order, United States v. Heard, 8:12-cr-00052 (M.D. Fla. Sept. 18, 2014), ECF No. 124. Heard filed two other § 2255 motions, both of which were dismissed as unauthorized second or successive § 2255 motions. Mots. & Orders, United States v. Heard, 8:12-cr-00052 (June 8, June 10, June 27, & July 25, 2016), ECF Nos. 162, 163, 164, 168.

Heard has now filed the instant § 2241 Petition.

## DISCUSSION

In his Petition, which is not a model of clarity, Heard asserts that he received ineffective assistance of trial counsel, perhaps because he wanted to withdraw his guilty plea. Doc. 1 at 6. Heard maintains the sentencing court illegally enhanced his sentence based on the Government's 21 U.S.C. § 851 notice, which Heard contends he did not receive prior to entering his guilty plea. Id. at 7–8. In addition, Heard states his sentence was increased without due process of law being afforded to him, which "clearly make[s]" his sentence "invalid" and which allows him to withdraw his guilty plea. Id. at 8. Heard alleges in the Supplement to his Petition that he should have been sentenced to 133 months' imprisonment rather than his reduced term of 168 months in prison. Doc. 4 at 1.

## I.     Whether Heard can Proceed Under § 2241

Heard's Petition should be dismissed because it is a second or successive attack on his federal conviction that can only be made in compliance with § 2255, and Heard has not satisfied the requirements of § 2255. Heard's attempt to label his filing as a § 2241 petition does not help. His Petition is barred and should be dismissed.

3

Section 2241 habeas corpus petitions "are generally reserved for challenges to the execution of a sentence or the nature of confinement, not the validity of the sentence itself or the fact of confinement." Vieux v. Warden, 616 F. App'x 891, 896 (11th Cir. 2015) (internal punctuation and citation omitted). Ordinarily, an action in which an individual seeks to collaterally attack "the validity of a federal sentence must be brought under § 2255," in the district of conviction. 28 U.S.C. § 2255(a); Turner v. Warden Coleman FCI (Medium), 709 F.3d 1328, 1333 (11th Cir. 2013). To utilize § 2241 to attack the validity of a federal sentence or conviction, a petitioner must show that the remedy afforded under § 2255 is "inadequate or ineffective". Taylor v. Warden, FCI Marianna, 557 F. App'x 911, 913 (11th Cir. 2014); Turner, 709 F.3d at 1333 (noting the petitioner bears the burden of establishing that the remedy under § 2255 was inadequate or ineffective to test the legality of his detention). A motion to vacate covers only challenges to the validity of a sentence, but the saving clause and a petition for a writ of habeas corpus cover challenges to the execution of a sentence. Cf. Antonelli v. Warden, U.S.P. Atlanta, 542 F.3d 1348, 1351 n.1 (11th Cir. 2008) ("It is well-settled that a § 2255 motion to vacate is a separate and distinct remedy from habeas corpus proper . . . . A prisoner in custody pursuant to a federal court judgment may proceed under §2241 only when he raises claims outside the scope of § 2255(a), that is, claims concerning execution of his sentence.") (internal citations omitted)); United States v. Flores, 616 F.2d 840, 842 (5th Cir. 1980) ("[The prisoner's] appropriate remedy is under § 2255, not 28 U.S.C. § 2241, since the alleged errors occurred at or prior to sentencing.").

Section 2255(e) provides:

An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, **unless**

> **it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention**.

28 U.S. C. § 2255(e) (emphasis added).  The above-emphasized portion of § 2255(e) is referred to as the "saving clause."  "Section 2255(e) makes clear that a motion to vacate is the exclusive mechanism for a federal prisoner to seek collateral relief unless he can satisfy" the saving clause.  McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc., 851 F.3d 1076, 1081 (11th Cir. 2017).

To determine whether a prisoner satisfies the saving clause, a court need only analyze "whether the motion to vacate is an adequate procedure to test the prisoner's claim."  Id. at 1086.  To answer this question, a court should "ask whether the prisoner would have been permitted to bring that claim in a motion to vacate.  In other words, a prisoner has a meaningful opportunity to test his claim whenever section 2255 can provide him a remedy."  Id. at 1086–87.  In short, when reviewing a § 2241 petition, courts should look to whether the petitioner's claim is of a kind that is "cognizable" under § 2255.  If so, the petitioner cannot meet the "saving clause" and cannot proceed under § 2241.  To be sure, "[t]he remedy [afforded] by [a § 2255] motion is not ineffective unless the procedure it provides is incapable of adjudicating the claim."  Id. at 1088.  Whether the petitioner in entitled to relief under § 2255 is not relevant to the McCarthan test.  Rather, it is the "remedy" that must be "inadequate or ineffective" to trigger the saving clause, meaning "the available process—not substantive relief."  Id. at 1086.

The saving clause can be used in cases presenting "limited circumstances," but Heard does not present any of those circumstances through his instant Petition.[2]  Heard is clearly

---

[2] Examples of cases presenting "limited circumstances" in which the saving clause is applicable are challenges to the deprivation of good-time credits or parole determinations, when the sentencing court has been dissolved, or when a petitioner was sentenced in multiple courts.  McCarthan, 851 F.3d at 1092–93.  However, "only in those kinds of limited circumstances is [the remedy by motion] 'inadequate or ineffective to test the legality of his detention.'"  Id. (citations omitted).  It is not enough to trigger the "saving clause" to claim that new case law exists, that new facts have come to light, or that the § 2255

5

challenging his sentence.  These are the types of claims and requested relief that § 2255 encompasses.  It is clear Heard is not attacking the manner in which his sentence is being executed but his sentence itself.  He would have been permitted to bring these types of claims in a motion to vacate, and § 2255 provided Heard with an adequate procedure to test his claim.  Heard's dissatisfaction with the resolutions of his previously-filed § 2255 motions does not allow him to recast his claims under § 2241.

Further, Heard's § 2255 remedy is not nullified within the meaning of the saving clause merely because he may not be able to overcome procedural requirements for relief.  See McCarthan, 851 F.3d at 1086 ("[A] procedural bar might prevent relief, but that bar does not render the motion itself an ineffective or inadequate remedy.").  Thus, the fact that Heard may face a successiveness bar against a successive § 2255 motion or a statute of limitations bar to bringing a § 2255 motion does not itself render a § 2255 motion inadequate or ineffective.  Id.; Gilbert v. United States, 640 F.3d 1293, 1308 (11th Cir. 2011).  Rather, "[w]hat makes the § 2255 proceeding 'inadequate or ineffective' for [a petitioner] is that he had no 'genuine opportunity' to raise his claim in the context of a § 2255 motion."  Zelaya v. Sec'y, Fla. Dep't of Corr., 798 F.3d 1360, 1370 (11th Cir. 2015).

Section 2255 provided Heard an "adequate procedure" to test his conviction and sentence before the sentencing court.  Consequently, Heard cannot show that § 2255's remedy is "inadequate or ineffective" to challenge his sentence and "cannot now use the saving clause to make [his] claim[s] in a petition for a writ of habeas corpus."  McCarthan, 851 F.3d at 1099–1100.  Because Heard cannot satisfy the saving clause, his claims are procedurally barred, and the Court cannot reach the merits of his arguments.

---

court got it wrong.  Id. at 1086, 1090.  Heard is essentially asserting the § 2255 court "got it wrong" since he was unable to obtain any relief via that avenue.

6

## II.     Leave to Appeal *in Forma Pauperis*

The Court should also deny Heard leave to appeal *in forma pauperis*.  Though Heard has not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal.  Fed. R. App. P. 24(a)(3) (trial court may certify that appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed").  An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith.  28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3).  Good faith in this context must be judged by an objective standard.  Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999).  A party does not proceed in good faith when he seeks to advance a frivolous claim or argument.  See Coppedge v. United States, 369 U.S. 438, 445 (1962).  A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless.  Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993).  An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact."  Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Given the above analysis of Heard's Petition and Supplement, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith.  Thus, the Court should **DENY** *in forma pauperis* status on appeal.

## CONCLUSION

Based on the foregoing, I **RECOMMEND** that the Court **DISMISS** Heard's 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus and **DIRECT** the Clerk of Court to **CLOSE** this case

7

and enter the appropriate judgment of dismissal.  I further **RECOMMEND** that the Court **DENY** Heard leave to proceed *in forma pauperis* on appeal.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within **14 days** of the date on which this Report and Recommendation is entered.  Any objections asserting that the Magistrate Judge failed to address any contention raised in the pleading must also be included.  Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge.  See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985).  A copy of the objections must be served upon all other parties to the action.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.  The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon Heard.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 26th day of August, 2019.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA